IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN BUGGS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 09-2411 |
| STATE OFFICIALS, DEPARTMENT | : | |
| OF CORRECTIONS | : | |

**<u>MEMORANDUM</u>**

Ludwig, J.                                                                                          June 4, 2009

On May 27, 2009, petitioner John Buggs filed a "Nunc Pro Tunc Motion for Leave to Proceed in Forma Pauperis." In doing so, petitioner is attempting to appeal the judgment of a state court and attack a state court conviction. Since federal courts do not have jurisdiction to review the determination of a state court, this action must be dismissed.

Petitioner's proper remedy to attack a state court conviction is to file a petition for habeas corpus relief under 28 U.S.C. § 2254. See <u>Felker v. Turpin</u>, 518 U.S. 651, 662 , 116 S. Ct. 2333, 2339 (1996) ("authority to grant habeas corpus relief to state prisoners is limited by 28 U.S.C. § 2254, which specifies the conditions under which such relief may be granted to a person in custody pursuant to the judgment of a state court."). This court has jurisdiction to review petitions for habeas corpus relief. Habeas corpus relief is available to assure that individuals are not incarcerated in violation of the United States Constitution. See <u>Herrera v. Collins</u>, 506 U.S. 390, 400, 113 S. Ct. 853, 860 (1993).

In the event that petitioner decides to file a petition for writ of habeas corpus relief, he must do so utilizing this court's current standard form as required by 28 U.S.C. § 2254.

See E.D. Pa. R. Civ. P. 9.3, Rules Governing § 2254 Cases in the United Stated District Court Rule 2(d).   This standard form gives petitioners specific warnings at the commencement of a § 2254 case, as directed by the United States Court of Appeals for the Third Circuit.   See United States v. Thomas, 221 F.3d 430, 437 n.6 (3d Cir. 2000) (relating to the need to plead facts sufficient to support his or her claims, and the strict and short statute of limitations for filing a petition or habeas corpus relief); Mason v. Meyers, 208 F.3d 414, 418-19 (3d Cir. 2000) (relating to the restrictions on a district court's ability to consider "second or successive" § 2254 petitions).   Moreover, to file a petition for habeas corpus relief under 28 U.S.C. § 2253, petitioners must either pay the $5 filing fee or file an application to proceed *in forma pauperis*.

Accordingly, petitioner's motion must be dismissed.


BY THE COURT:


 /s/ Edmund V. Ludwig   
Edmund V. Ludwig, J.